IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILMA R. GLEASON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0268-M-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Wilma R. Gleason seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision should be reversed.

I.

Plaintiff alleges that she is disabled as a result of chronic obstructive pulmonary disease ("COPD"), high blood pressure, fatigue, and depression. After her applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on July 6, 2006. At the time of the hearing, plaintiff was 53 years old. She has a high school equivalency diploma and past work experience as a pediatric clerk. Plaintiff has not engaged in substantial gainful activity since October 2, 2004.

In a written decision issued on August 22, 2006, an ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Plaintiff appealed that decision to the Appeals Council. She also filed new applications for disability and SSI benefits, which were granted. The Commissioner found that plaintiff was disabled as of August 23, 2006 -- the day after the ALJ denied her earlier disability applications. The Appeals Council later notified plaintiff that both the ALJ's decision and the subsequent award of benefits were being reviewed.

On May 11, 2007, the Appeals Council vacated all prior disability determinations, consolidated plaintiff's claims, and remanded the consolidated claims to an ALJ for further proceedings. On remand, the ALJ was directed to:

- Further evaluate the claimant's mental impairment in accordance with the special review technique described in 20 C.F.R. § 404.1520a and 20 C.F.R. § 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in the regulations.

- Obtain evidence from a medical expert, internist or pulmonologist, to clarify the nature and severity of the claimant's impairments.

- Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations.

- Obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base.

Another administrative hearing was held on October 1, 2007. Once again, the ALJ found that plaintiff was not disabled and therefore not entitled to benefits. Although the medical evidence established that plaintiff suffered from COPD and obesity, the judge concluded that the severity of

those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a limited range of sedentary work, but could not return to her past relevant employment. Relying on the testimony of a vocational expert, the ALJ found that plaintiff was capable of working as an appointment clerk and a general medical clerk -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In two grounds for relief, plaintiff contends that: (1) the ALJ did not comply with the instructions of the Appeals Council on remand; and (2) substantial evidence does not support the finding that she is capable of performing other work that exists in significant numbers in the national economy.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize

the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff contends that the ALJ failed to consider new evidence regarding her mental impairment as instructed by the Appeals Council. In remanding the case for further administrative proceedings, the Council wrote:

> The claimant filed a subsequent application on September 5, 2006 and was found to be disabled beginning August 23, 2006, the day after the Administrative Law Judge's decision. The Appeals Council's review of the record reveals that the subsequent claim contains new and material evidence that was not before the Administrative Law Judge for his review. *New information indicates that the claimant was found to have a severe mental impairment. This new evidence should be considered by the Administrative Law Judge.*

(Tr. at 107) (emphasis added).[1] Despite being instructed to consider "new evidence" submitted by plaintiff in her September 6, 2006 disability application, there is no indication that the ALJ followed that directive. The hearing decision dated January 23, 2008, fails to identify, much less discuss, any new evidence regarding plaintiff's mental impairment. (*See id.* at 21-33). Nor did the ALJ admit the contents of plaintiff's 2006 claim file into evidence at the administrative hearing. (*See id.* at 523-58). In particular, the record does not contain a Psychiatric Review Technique form and a Residual Functional Capacity Assessment form, both of which are part of plaintiff's 2006 claim file. (*See* Plf. Reply Br. at 2-3). Such a blatant disregard of the Appeals Council directive constitutes legal error and requires reversal. *Reed v. Comm'r of Social Security*, No. 3-08-CV-0822-G, 2009 WL 1574473 at *5 (N.D. Tex. Jun. 4, 2009), *citing Sullivan v. Hudson*, 490 U.S. 877, 886, 109 S.Ct. 2248, 2254-55, 104 L.Ed.2d 941 (1989) ("Deviation from [a] remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review."). *See also Tauber v. Barnhart*, 438 F.Supp.2d 1366, 1376 (N.D. Ga. 2006) (ALJ committed legal error by failing to follow remand order requiring further development of the record); *Thompson v. Barnhart*, Civ. A. No. 05-395, 2006 WL 709795 at *11-12 (E.D. Pa. Mar. 15, 2006) (same as to failure to obtain

---

[1] Although it is not clear from the remand order, other evidence in the administrative record indicates that plaintiff was found to be disabled beginning August 23, 2006, "due to depression resulting in moderate limitations in social functioning, and in several mental work-related areas." (*See* Tr. at 151-52).

mental status examination and medical source statement on remand); *Hutchison v. Apfel*, No. 2-98-CV-087, 2001 WL 336986 at *11 (N.D. Tex. Mar. 9, 2001) (same as to failure to make RFC assessment on remand).

The ALJ also violated his duty to fully and fairly develop the facts relating to plaintiff's disability claim. *See Cornett v. Astrue*, 261 Fed. Appx. 644, 2008 WL 58822 at *2 (5th Cir. Jan. 3, 2008); *Ripley*, 67 F.3d at 557. An ALJ violates his duty to develop the record when he fails to consider known sources of medical evidence that might have led to a different decision. *See, e.g. Holloman v. Astrue*, No. CIV S-09-1400-EFB, 2010 WL 3618651 at *4 (E.D. Cal. Sept. 13, 2010) (ALJ violated duty to adequately develop facts relating to disability claim by failing to obtain medical records brought to his attention but omitted from the record); *Vaile v. Chater*, 916 F.Supp. 821, 830 (N.D. Ill 1996) (same). Here, "new and material" information in plaintiff's 2006 claim file suggests that she may have a severe mental impairment due to depression resulting in moderate limitations in social functioning and in several mental work-related areas. (*See* Tr. at 151-52). Such evidence was known to the Commissioner and, if considered by the ALJ, might have led to a different result.

While acknowledging that the ALJ did not obtain a "formal copy" of plaintiff's 2006 disability determination, the Commissioner explains that the remand order adequately describes the contents of that determination. (*See* Def. MSJ Br. at 6). However, the Appeals Council specifically instructed the ALJ to consider "new and material" evidence contained in plaintiff's 2006 claim file. Neither the written determination awarding plaintiff disability benefits nor the remand order are acceptable substitutes for medical evidence of an underlying impairment. At most, the remand order indicates that evidence contained in plaintiff's 2006 claim file supports a finding that she suffers from

a severe mental impairment. (*See* Tr. at 107). The order does not describe the evidence in any detail. Nor was the failure to comply with the remand order harmless error. Although the Commissioner maintains that the ALJ considered "updated evidence" related to plaintiff's mental impairment, (*see* Def. MSJ Br. at 7), it is undisputed that this "updated evidence" is not the same evidence identified by the Appeals Council in its remand order. *See* 20 C.F.R. § 404.977(b) ("The administrative law judge *shall* take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order.") (emphasis added). Given the magnitude of these errors, the case must be remanded for further development of the issues as specified by the Appeals Council.[2]

## RECOMMENDATION

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

---

[2] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: November 30, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE